UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHRISTOPHER CORNELIUS WILLS, JR.,

   Plaintiff,

   v.

U.S. FEDERAL GOVERNMENT,

   Defendant.

Civil Action No. PWG-21-522

## MEMORANDUM

Plaintiff Christopher Cornelius Wills, Jr. filed the above-captioned Complaint on March 1, 2021. ECF No. 1. Wills did not pay the filing fee, or file a Motion for Leave to Proceed in Forma Pauperis. He has filed a Motion for Extension of Time, seeking additional time to file a "motion to waive attorneys fees and things[s] of that nature." ECF No. 3.

Because Wills appears indigent, he shall be granted leave to proceed in forma pauperis. However, for reasons stated below, the Complaint shall be dismissed.

Title 28 U.S.C. § 1915(a)(1) permits an indigent litigant to commence an action in this court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). When considering whether a claim is frivolous, § 1915(e)(2) grants courts "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). A complaint is frivolous where "it lacks an arguable basis either in law or in fact." *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) (quoting *Neitzke*, 490 U.S. at 327).

The Complaint alleges that the during the month of January, Wills saw people in and out of his backyard and when he tried to approach them, they fled. On one occasion, his neighbor asked a person in Wills' yard to identify himself and the person responded he was an FBI agent. Additionally, Wills states that he found a red wire behind his car radio that was unplugged but later was plugged back in. Wills also overheard a cashier, and on another occasion, his probation agent, speaking to an unidentified man about whether what the man was doing to Wills was legal and the man said, "no." ECF No. 1.

Because the Complaint fails to provide any information that might lead to a reasonable conclusion that some plausible cause of action has accrued on Wills' behalf, it shall be dismissed pursuant to § 1915(e)(2). A separate order follows.

4/8/21
_____
Date

_____/s/_____
Paul W. Grimm
United States District Judge